ISABELLE ORD (SBN 198224)
MATTHEW DANAHER (SBN 351055)
isabelle.ord@us.dlapiper.com
matt.danaher@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Telephone:  415.836.2500
Facsimile:  415.836.2501

*Attorneys for Non-Parties, Farmers Group,
Inc., Farmers Insurance Exchange, and
Farmers New World Life Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENA TO NON-PARTIES FARMERS GROUP, INC., FARMERS INSURANCE EXCHANGE, AND FARMERS NEW WORLD LIFE INSURANCE COMPANY. <br><br> In the matter of: <br><br> IN RE SALESFORCE CUSTOMERS SECURITY INCIDENT LITIGATION | Case No. 2:26-mc-00053 <br><br> Related Case No: 2:25-cv-07972-MWF (AYPx) <br><br> **FARMERS GROUP, INC., FARMERS INSURANCE EXCHANGE, AND FARMERS NEW WORLD LIFE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45** |

DLA Piper LLP (US)
Attorneys at Law
San Francisco

- 1 -
FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR
ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that non-parties Farmers Group, Inc., Farmers Insurance Exchange, and Farmers New World Life Insurance Company (collectively, "Farmers") will and hereby move the United States District Court for the Central District of California, pursuant to Federal Rule of Civil Procedure 45 and Local Rules 37 and 45, for an order quashing the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served by Plaintiffs in the putative class action, *In re Salesforce Customers Security Incident Litigation*, No. 3:25-cv-07232-JSC, pending in the Northern District of California (the "Salesforce Action").  Farmers also moves for an award of its attorney fees and costs incurred for this Motion under Rule 45.  Farmers will give notice of the date and time of the hearing on this Motion as soon as this proceeding is assigned and a hearing date is scheduled.

The Court should grant this Motion because the Subpoena (1) does not comply with Rule 45's geographical limitations, (2) is premature because discovery is not open in the Salesforce Action and Plaintiffs are improperly seeking to circumvent the stay on discovery in the separate but related action, *In re Farmers Security Incident Litigation,* No. 2:25-cv-07972-MWF-AYP (C.D. Cal.) (the "Farmers Action"), (3) Plaintiffs in the Salesforce Action have not first attempted to seek this information from parties to the Salesforce Action to lessen the burden on Farmers as a third party, (4) the document requests and deposition topics are overbroad, unduly burdensome, and include requests for information that is privileged, confidential and proprietary, or protected by third parties' right to privacy and not discoverable at this juncture. Further, because the Subpoena is unreasonable and unduly burdensome, the Court should award Farmers its attorneys' fees and costs for this Motion.

Farmers further requests that this proceeding be related to the Farmers Action

and assigned to Judge Fitzgerald, who has been overseeing the Farmers Action since September 2025, for the anticipated future coordination of discovery between the Farmers Action and the Salesforce Action.

This Motion is based on the Notice of Motion, accompanying Memorandum of Points and Authorities, the Declaration of Jessica Brostek-Maciel ("Brostek-Maciel Decl."), the Declaration of Isabelle Ord ("Ord Decl."), the pleadings and papers on file in the Salesforce Action and the Farmers Action, and such oral and documentary evidence and argument as may be presented at the hearing on this Motion.

This Motion is made following a telephonic conference of counsel pursuant to Local Rules 37-1 and 45-1, which took place on May 18, 2026 and related correspondence, and during which the Farmers and Plaintiffs were unable to resolve their dispute regarding the propriety of the Subpoena. Ord Decl. ¶¶ 3, 6 & Ex. C. In the course of these communications, Plaintiffs' counsel confirmed they will not comply with the dispute-resolution procedures set forth in the Local Rules 45-1. and 37-2, and the parties were unable to resolve the issues herein, requiring this Motion.

Dated: June 8, 2026

DLA PIPER LLP (US)

By: */s/ Isabelle Ord*
 Isabelle Ord
Attorney for Non-Parties
FARMERS GROUP, INC., FARMERS
INSURANCE EXCHANGE, AND
FARMERS NEW WORLD LIFE
INSURANCE COMPANY

DLA PIPER LLP (US)
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -
FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR
ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................1

II.   FACTUAL BACKGROUND ............................................................................3

    A.   The Data Security Incidents .................................................................3

    B.   The Salesforce Action ..........................................................................3

    C.   The Farmers Action .............................................................................4

    D.   The Subpoena .......................................................................................4

    E.   Farmers Attempts to Reach Resolution ...............................................5

III.   JURISDICTION IS PROPER IN THIS COURT ............................................6

IV.   THE SUBPOENA MUST BE QUASHED.......................................................8

    A.   The Subpoena seeks compliance beyond Rule 45's geographical limits. ..............................................................................................................8

    B.   The Subpoena is premature ..................................................................9

    C.   The Subpoena is overbroad and unduly burdensome ........................10

        1.   Plaintiffs have not engaged in any party discovery in the Salesforce Action...........................................................................10

        2.   The Subpoena seeks documents outside the scope of the Salesforce Action...........................................................................12

        3.   Plaintiffs' "go-gets" result in undue burden .............................14

    D.   Farmers is entitled to attorney's fees and costs. ................................15

V.   CONCLUSION ..............................................................................................16

DLA PIPER LLP (US)
ATTORNEYS AT LAW
SAN FRANCISCO

FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allianz Life Ins. Co. of N. Am. V. Rickey Carter, et al.*,
No. 0:26-mc-00034 (D. Minn.) ............................................................................. 6

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
300 F.R.D. 406 (C.D. Cal. 2014) ......................................................................... 10

*Arcell v. Google LLC*,
No. 22-cv-02499-RFL (SK), 2026 WL 222239 (N.D. Cal. Jan. 28,
2026) ...................................................................................................................... 10

*Athalonz, LLC v. Under Armour, Inc.*,
No. 23-mc-80324-LJC, 2024 WL 628846 (N.D. Cal. Feb. 14, 2024) .............. 11

*Davis v. Pinterest, Inc.*,
No. 19-cv-07650-HSG (TSH), 2021 WL 3044958 (N.D. Cal. July
20, 2021) .......................................................................................................... 11, 12

*Deuss v. Siso*,
No. 14–cv–00710–YGR (JSC), 2014 WL 4275715 (N.D. Cal. Aug.
29, 2014) .................................................................................................................. 9

*Doe 1 v. Manhattan Beach Unified Sch. Dist.*,
No. CV 19-06962-DDP, 2020 WL 11271846 (C.D. Cal. Oct. 14,
2020) ........................................................................................................................ 7

*Dopudja v. W. Yost & Assocs., Inc.*,
No. 8:23-01923 JVS (ADS), 2025 WL 3771430 (C.D. Cal. Dec. 23,
2025) ........................................................................................................................ 8

*Duong v. Groundhog Enterprises, Inc.*,
No. 2:19-cv-01333-DMG-MAA, 2020 WL 2041939 (C.D. Cal.
Feb. 28, 2020) ....................................................................................................... 16

*Europlay Capital Advisors, LLC v. Does*,
323 F.R.D. 628 (C.D. Cal. 2018) ........................................................................... 6

FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR
ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

*Faulk v. Gen. Elec. Co.*,
No. CV 23-05132-MWF, 2025 WL 2019439 (C.D. Cal. June 5, 2025) (Fitzgerald, J.) .............................................................................. 7

*First Am. Cinema, LLC v. Chicken Soup for the Soul Entertainment, Inc.*,
No. 2:19-cv-09577-PSG-GJS, 2021 WL 1526759 (C.D. Cal. Apr. 7, 2021) .................................................................................................... 7

*Genus Lifesciences Inc. v. Lannett Co., Inc.*,
No. 18-cv-07603-WHO, 2019 WL 7313047 (N.D. Cal. Dec. 30, 2019) .................................................................................................... 11

*Gold Flora, LLC v. Constellation NewEnergy, Inc.*,
No. 8:22-cv-02088-JVS, 2023 WL 4680772 (C.D. Cal. June 12, 2023) ...................................................................................................... 6

*Hangzhou Golden Sun Autoparts Co. Ltd. v. Undercover, Inc.*,
No. 2:25-cv-02410-JAD-BNW, 2026 WL 811572 (D. Nev. Mar. 24, 2026) .................................................................................................... 8

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*,
161 F.R.D. 86 (N.D. Cal. 1995) ................................................................ 10, 15

*Hill v. Robert's Am. Gourmet Food, LLC*,
No. C –13–80166 MISC JST, 2013 WL 5118943 (N.D. Cal. Sept. 13, 2013) .................................................................................................. 16

*Moon v. SCP Pool Corp.*,
232 F.R.D. 633 (C.D. Cal. 2005) .............................................................. 10

*In re Salesforce, Inc., Customer Data Sec. Breach Litig.*,
813 F. Supp. 3d 1355 (J.P.M.L. 2025) .................................................... 3, 12

*Sanchez v. Am. Media, Inc.*,
No. CV 20-2924 DMG, 2023 WL 4681602 (C.D. Cal. May 8, 2023) .................................................................................................. 10

*Thomas Land & Dev., LLC v. Vratsinas Constr. Co.*,
No.: 3:18-cv-1896-AJB-NLS, 2019 WL 126859 (S.D. Cal. Jan. 8, 2019) .................................................................................................. 11

- iii -

DLA PIPER LLP (US)
ATTORNEYS AT LAW
SAN FRANCISCO

*Williams v. Camden USA Inc.*,
   No. 3:19-cv-691-AJB-AHG, 2021 WL 5417516 (S.D. Cal. Nov. 19,
   2021) ...............................................................................................................7

*York Holding, Ltd. v. Waid*,
   345 F.R.D. 626 (D. Nev. 2024) ........................................................................7

**Other Authorities**

Fed. R. Civ. P. 26...................................................................................................9, 10

Fed. R. Civ. P. 45.................................................................................................*passim*

DLA PIPER LLP (US)
ATTORNEYS AT LAW
SAN FRANCISCO

FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR
ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Pursuant to Federal Rule of Civil Procedure 45 and Local Rules 37 and 45, non-parties Farmers Group, Inc. ("FGI"), Farmers Insurance Exchange ("FIE"), and Farmers New World Life Insurance Company ("FNWL") (collectively, "Farmers") move to quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") served upon Farmers by Plaintiffs in the putative class action *In re Salesforce Customers Security Incident Litigation*, No. 3:25-cv-07232-JSC, pending in the Northern District of California ("Salesforce Action"), and seek an award of their attorney's fees and costs incurred for this Motion.

## I.   INTRODUCTION

The Subpoena makes no attempt to comply with the limitations on non-party discovery mandated by Federal Rules of Civil Procedure 26 and 45.  The Salesforce Action arises from a series of cybersecurity incidents involving customer databases of Salesforce Inc. ("Salesforce"), including a Farmers Salesforce database.  The Farmers-related incident is also the subject of a separate putative class action that has been pending in this District before the Honorable Michael Fitzgerald since September 2025 where discovery is presently stayed pending a ruling on Farmers dismissal motion.  There are also putative class actions pending against other customers of Salesforce relating to incidents involving their Salesforce databases, including Allianz Life Insurance Company of North America ("Allianz"), in the District of Minnesota, and TransUnion, LLC ("TransUnion") in the Northern District of Illinois.

All of these actions, including the Salesforce Action, are in their infancy.  The parties to the Salesforce Action have not yet had their Rule 26(f) conference or begun party discovery.  Similarly, in the Farmers Action, no Rule 26(f) conference has occurred, and the Court has vacated all case deadlines, including discovery deadlines,

- 1 -

until there is a ruling on Farmers forthcoming dismissal motion.

Despite this procedural posture, the Salesforce Action Plaintiffs ("Plaintiffs") served a sprawling subpoena on three non-party Farmers entities, which includes 32 document requests and 35 deposition topics—most of which cover (1) information that likely can be obtained from Salesforce and/or (2) Farmers conduct and has nothing to do with Salesforce's actions.

The Subpoena is procedurally and substantively defective and must be quashed for at least three reasons.

First, the Subpoena designated San Francisco as the place of compliance although Plaintiffs know each Farmers entity is not located within 100 miles of San Francisco. Any witness Farmers is likely to designate for deposition and the appropriate records custodians are located in Woodland Hills, California—more than 300 miles from San Francisco.

Second, the Subpoena is premature. The parties in the Salesforce Action have not had their Rule 26(f) conference, a prerequisite to commencing *any* discovery. Indeed, the initial case management conference in the Salesforce Action is not scheduled to occur for several months, and therefore no party discovery has taken place either.

Third, the Subpoena is overbroad and unduly burdensome. Plaintiffs have not provided any justification for why—counter to overwhelming authority—non-party discovery should occur in the Salesforce Action before party discovery. It imposes a significant, and undue, burden on Farmers to respond to voluminous document requests and appear for deposition when discovery may be obtained through party discovery to Salesforce.

Finally, the Subpoena goes far beyond Plaintiffs' claims in the Salesforce Action. The Subpoena treats Farmers like a party to the Salesforce Action, propounding numerous document requests and seeking deposition testimony

DLA PIPER LLP (US)
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

regarding Farmers general business practices and conduct unrelated to Salesforce's potential liability in the Salesforce Action.

Farmers respectfully requests the Court quash the Subpoena and require Plaintiffs and their counsel to pay Farmers reasonable attorney's fees and costs incurred for this Motion.

## II.    FACTUAL BACKGROUND

### A.    The Data Security Incidents

In 2025, dozens of putative class actions were filed against various companies across the nation following a series of attacks by malicious threat actors targeting those companies' Salesforce databases, including Salesforce, Farmers, Allianz, TransUnion, and others.  *See* Salesforce Action, Dkt. 81 at ¶ 7.  Multiple putative class actions were quickly filed against Farmers in state and federal courts in California following a May 29, 2025 data security incident involving Farmers Salesforce database (the "Incident").

On August 29, 2025, a group of plaintiffs sought to transfer and centralize these cases before the Judicial Panel on Multidistrict Litigation ("JPML").  *See In re Salesforce Data Sec. Breach Litig.*, MDL No. 3164, at Dkt. 1.  Farmers and all other responding defendants opposed consolidation.  *See id.* at Dkt. 89, 98, 99, 101, 111, 134.  The JPML declined to transfer and centralize the various matters and noted that "third-party discovery … can be informally coordinated."  *In re Salesforce, Inc., Customer Data Sec. Breach Litig.*, 813 F. Supp. 3d 1355, 135f (J.P.M.L. 2025) (quotation omitted).

The multiple putative class actions against each of the companies were then consolidated in various jurisdictions, including the Salesforce Action in the Northern District of California, and the Farmers Action in the Central District of California.

### B.    The Salesforce Action

Plaintiffs filed the consolidated class action complaint in the Salesforce Action

DLA Piper LLP (US)
Attorneys at Law
San Francisco

- 3 -

FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

on March 30, 2026, and the case is in its infancy.  The parties to the Salesforce Action have not held a conference under Federal Rule of Civil Procedure 26(f) and discovery is not yet open.  *See* Ord Decl. Ex. D.  Indeed, the parties' initial case management conference is not scheduled until August 5, 2026.  Salesforce Action, Dkt. 73.  No protective order governing confidentiality has been filed or entered in the Salesforce Action.  *See* Ord Decl. Ex. D.  Salesforce's pending motion to dismiss will not be heard until October 29, 2026.  Salesforce Action, Dkt. 86.

### C.     The Farmers Action

The Farmers Action is also in its early days.  Farmers is not due to respond to the consolidated class action complaint until June 18, 2026, and the hearing on any dismissal motion is set for October 19, 2026.  Farmers Action, Dkt. 43.  Discovery is also stayed—pursuant to the parties' joint request, the Court vacated all case deadlines, including discovery-related deadlines, until after it rules on Farmers forthcoming dismissal motion.  *Id.*

On March 12, 2026, the Court in the Farmers Action appointed as co-lead counsel Tina Wolfson of Ahdoot & Wolfson, PC and Thomas E. Loeser of Cotchett Pitre & McCarthy, LLP.  Farmers Action, Dkt. 41.  Mr. Loeser and Ms. Wolfson's colleague, Robert Ahdoot of Ahdoot & Wolfson, PC, were separately appointed to the executive committee for the Salesforce Action, specifically to liaise with the Farmers Action.  Salesforce Action at Dkt. 67.  In other words, Plaintiffs' counsel is well aware that discovery in the Farmers Action is stayed (they agreed to the stay), and of the expectation that, at the appropriate time, discovery in the two actions will be coordinated to avoid undue burden and inefficiencies.

### D.     The Subpoena

On May 20, 2026, Plaintiffs served the Subpoena on Farmers, seeking deposition testimony and records by June 19, 2026.  Ord Decl. Ex. A.  Though Plaintiffs are aware that FGI and FIE are headquartered in Woodland Hills, California

DLA PIPER LLP (US)
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR
ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

(within this judicial district), and FNWL is headquartered in Bellevue, Washington, the Subpoena purports to require compliance in San Francisco for all three Farmers entities. *Id*.; Salesforce Action, Dkt. 81 ¶ 13.

The Subpoena requests a deposition (actually three depositions given that three different entities are named) and identifies 35 broad topics for testimony as well as 32 broad document requests. *See* Subpoena. Although the Incident occurred on or around May 29, 2025, the Subpoena seeks documents from August 27, 2021 through the present. *Id.* at 6. Likewise, numerous topics and document requests seek information unrelated to the Incident or to Salesforce's conduct. *See, e.g.*, *id.* at Request Nos. 3, 27, 30, and Topics 2(a)-(b). The Subpoena also broadly seeks information that is obtainable from Salesforce or Plaintiffs. *See, e.g.*, Request Nos. 19, 21-22, 24; and Topics 1(a)-(b), 3(b), 4(e), 5(d), 7(a)-(d). The Subpoena also improperly seeks privileged information, confidential or sensitive information (without a protective order), and a putative class list in the Farmers Action. *See, e.g.*, *id.* at Request Nos. 3-9, 11, 13, 17, 23, 25, 27-30 and Topics 5(e), 6(a)-(b).

### E. Farmers Attempts to Reach Resolution

Counsel for Farmers and Plaintiffs met and conferred on May 18, 2026. Ord Decl. ¶ 3 & Ex. C. Despite repeated requests, Plaintiffs' counsel failed to explain why third-party discovery from Farmers is necessary when party discovery is not open in the Salesforce Action. *Id.* Initially, Plaintiffs represented the timing of the Subpoena was to ensure Farmers preserved potentially relevant documents. *Id.* Farmers noted it is already under obligation to preserve the same materials in the Farmers Action and proposed treating the Subpoena as a preservation request pending further developments in the Salesforce Action. *Id.* Plaintiffs refused. Instead, they pivoted and suggested Farmers produce certain "go-gets"— (1) any forensic report on the Incident, (2) any post-Incident "lessons learned," and (3) identification of all individuals impacted by the Incident (the putative class list in the

DLA PIPER LLP (US)
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -
FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR
ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

Farmers Action). *Id.* Farmers counsel explained that these requests are improper because they seek privileged and confidential information and/or involve premature class discovery in the Farmers Action. *Id.* Farmers counsel also explained that Farmers should not have to engage in motions practice on issues of privilege or propriety of discovery before Plaintiffs have obtained party discovery in the Salesforce Action and while discovery in the Farmers Action is stayed. *Id.*

Because Plaintiffs refused to hold the Subpoena in abeyance or provide any justification for pursuing documents and testimony from Farmers at this stage, Farmers is forced to bring this Motion to seek an order quashing the Subpoena.[1]

## III.   JURISDICTION IS PROPER IN THIS COURT

Farmers files this Motion in this District because, notwithstanding the Subpoena's designated place of compliance, this Court is "the court for the district where compliance is required" under Rule 45. The witnesses who would be designated to testify for all three Farmers entities and the records custodians are located in Woodland Hills, California, which is in this District. Brostek-Maciel Decl. ¶ 4.

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena[.]" Fed. R. Civ. P. 45(d)(3). "[W]hen a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion." *Gold Flora, LLC v. Constellation NewEnergy, Inc.*, No. 8:22-cv-02088-JVS (JDEx), 2023 WL 4680772, at *1 (C.D. Cal. June 12, 2023) (holding court lacked jurisdiction to decide motion to quash because "the place of compliance is Tampa, Florida, where New Crest is apparently located").

Courts in this District routinely hold that "the district where compliance is

---

[1] Plaintiffs also served a similar premature subpoena on Allianz, which Allianz has moved to quash in the District of Minnesota, where the consolidated Allianz action is pending. *See Allianz Life Ins. Co. of N. Am. V. Rickey Carter et al.*, No. 0:26-mc-00034 (D. Minn.) at Dkt. 4.

DLA PIPER LLP (US)
ATTORNEYS AT LAW
SAN FRANCISCO

FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR
ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

required" is determined based on the subpoenaed party's location and not the location identified on the subpoena. *See Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (holding court lacked jurisdiction to decide motion to compel subpoena compliance because "the proper district to hear a motion to compel is where Google is headquartered" and not the place designated on subpoena); *First Am. Cinema, LLC v. Chicken Soup for the Soul Entertainment, Inc.*, No. 2:19-cv-09577-PSG-GJS, 2021 WL 1526759, at *2 (C.D. Cal. Apr. 7, 2021) (holding court lacked jurisdiction to consider motion to compel subpoena compliance because compliance is required in "Northern District of California where [third-party] is headquartered and its custodians of records reside and are employed"); *Doe 1 v. Manhattan Beach Unified Sch. Dist.*, No. CV 19-06962-DDP (RAOx), 2020 WL 11271846, at *2 (C.D. Cal. Oct. 14, 2020) (holding court lacked jurisdiction to decide motion to compel subpoena compliance where "subpoena lists a place of compliance that is within this district but is not within 100 miles of the address of the nonparty"); *see also Faulk v. Gen. Elec. Co.*, No. CV 23-05132-MWF (MAAx), 2025 WL 2019439, at *1 (C.D. Cal. June 5, 2025) (Fitzgerald, J.) (doubting jurisdiction to resolve subpoena compliance motions because district where compliance is required "appears to be the District of Maryland, where the [third party]—and presumably, the records—are located."); *Williams v. Camden USA Inc.*, No. 3:19-cv-691-AJB-AHG, 2021 WL 5417516, at *2 (S.D. Cal. Nov. 19, 2021) (where subpoenaed non-party is located in San Francisco but place of compliance designated over 500 miles away, denying motion to compel because "this Court[] does not have jurisdiction to hear the instant motion" and "the Northern District of California … encompasses the place where compliance with the subpoena is required.").

Indeed, "it would eviscerate the entire purpose of these provisions in Rule 45 to interpret them as meaning that a subpoenaing party may force a subpoenaed nonparty to litigate a subpoena-related dispute in an inconvenient district by simply

DLA Piper LLP (US)
Attorneys at Law
San Francisco

FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

listing that location on the face of the subpoena." *York Holding, Ltd. v. Waid*, 345 F.R.D. 626, 629 (D. Nev. 2024). Additionally, the Subpoena impacts the stay on discovery in the Farmers Action, which is pending in this District. *See* Farmers Action, Dkt. 43 (staying deadlines). Accordingly, this proceeding is properly filed here and should be assigned to Judge Fitzgerald as a related action to the Farmers Action.

## IV.   THE SUBPOENA MUST BE QUASHED

Rule 45 requires the Court to quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)" or "subjects a person to undue burden." The Subpoena is procedurally defective because it (1) fails to comply with Rule 45's geographical limits and (2) is premature. The Subpoena is also substantively defective because it is unduly burdensome. It seeks discovery from non-party Farmers before Plaintiffs have even attempted to get this information through party discovery in the Salesforce Action.

### A.   The Subpoena seeks compliance beyond Rule 45's geographical limits.

Under Rule 45, "a subpoena may command a person to attend a trial, hearing, or deposition *only* … within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A) (emphasis added); *see also Dopudja v. W. Yost & Assocs., Inc.*, No. 8:23-01923 JVS (ADS), 2025 WL 3771430, at *1 (C.D. Cal. Dec. 23, 2025) (quashing subpoena where subpoena requested deposition in Irvine because non-party's "person most knowledgeable works and resides in Sacramento and does not regularly do business in person within 100 miles of Irvine"). Likewise, "[a] subpoena may command … production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2); *see also Hangzhou Golden Sun Autoparts Co. Ltd. v. Undercover, Inc.*, No. 2:25-cv-02410-JAD-BNW, 2026

- 8 -

WL 811572 (D. Nev. Mar. 24, 2026) (quashing subpoena requesting document production beyond 100 miles of non-party headquarters in China).

Here, the Subpoena requests compliance at the offices of Plaintiffs' counsel in San Francisco. *See* Subpoena. But FGI and FIE are headquartered in Woodland Hills, California and FNWL is headquartered in Bellevue, Washington. Salesforce Action, Dkt. 81 at ¶ 13 (alleging where each entity is headquartered). The individuals most likely to be designated to testify on behalf of the three Farmers entities and their records custodians are in Woodland Hills, California, which is over 300 miles away from San Francisco, the Subpoena's place of compliance. Brostek-Maciel Decl. ¶ 4. The Subpoena does not comply with Rule 45 on its face as to any of the Farmers entities and should be quashed for this reason alone.

## B. The Subpoena is premature

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d). This rule includes subpoenas. *See Deuss v. Siso*, No. 14–cv–00710–YGR (JSC), 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014) ("As the subpoenas were issued on the same day the Complaint was filed and served shortly thereafter they violated Rule 26(d)(1) which prohibits *any* discovery from *any* source before first conferring with the opposing party pursuant to Rule 26(f).") (emphasis in original). Here, discovery is not open in the Salesforce Action. The parties in the Salesforce Action have not even held their Rule 26(f) conference and will not for some time given that their case management conference deadline is August 5, 2026. Salesforce Action, Dkt. 73; Ord Decl. Ex. D.[2]

---

[2] No protective order governing confidentiality has been filed or entered in the Salesforce Action, meaning that Farmers could not produce records or provide testimony involving confidential, trade secret, or proprietary information. *See* Ord Decl. Ex. D; *see also, e.g.*, Subpoena at Request Nos. 3-9, 11, 13, 17, 25, 27, 30 and Topics 2(a)-(b).

- 9 -

### C.   The Subpoena is overbroad and unduly burdensome

#### 1.   Plaintiffs have not engaged in any party discovery in the Salesforce Action.

"Generally, the scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules, and a motion to quash a subpoena is reviewed in light of the standards of Rule 26(b)." *Sanchez v. Am. Media, Inc.*, No. CV 20-2924 DMG (PVCx), 2023 WL 4681602, at *11 (C.D. Cal. May 8, 2023) (citation omitted).   Rule 26 requires a court to "limit the frequency or extent of discovery" that, *inter alia*, "can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).   Rule 26(b)(1) permits discovery that is "relevant" and "proportional to the needs of the case, considering," *inter alia*, "the parties' relative access to relevant information" and "whether the burden or expense of the proposed discovery outweighs its likely benefit."   Fed. R. Civ. P. 26(b)(1).

"In determining whether a subpoena poses an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (cleaned up; citation omitted).   "[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995).   Accordingly, "there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Arcell v. Google LLC*, No. 22-cv-02499-RFL (SK), 2026 WL 222239, at *1 (N.D. Cal. Jan. 28, 2026) (citation omitted).   That has not happened here.

Courts routinely quash non-party subpoenas where the requesting party has not even attempted to seek the same information from the parties or can obtain the information from the parties. *See, e.g.*, *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (quashing subpoena where "plaintiffs have not shown they have

DLA Piper LLP (US)
Attorneys at Law
San Francisco

attempted to obtain these documents from defendant"); *Arcell*, 2026 WL 222239, at *1 (cleaned up; citation omitted) (quashing subpoena and noting "when the requesting party has not shown that it attempted to obtain documents from the opposing party in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party"); *Thomas Land & Dev., LLC v. Vratsinas Constr. Co.*, No.: 3:18-cv-1896-AJB-NLS, 2019 WL 126859, at *2 (S.D. Cal. Jan. 8, 2019) (quashing subpoena where "no party has answered, and party discovery is not yet permitted" and "it would be an undue burden to force a non-party to comply with a voluminous discovery requests when there has been no opportunity to pursue party discovery"); *Davis v. Pinterest, Inc.*, No. 19-cv-07650-HSG (TSH), 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (denying motion to compel subpoena compliance where "the Court does not believe that [plaintiff] ever asked [defendant] Pinterest for these documents."); *Athalonz, LLC v. Under Armour, Inc.*, No. 23-mc-80324-LJC, 2024 WL 628846, at *7 (N.D. Cal. Feb. 14, 2024) (quashing subpoena for deposition and documents because "parties must pursue discovery from other parties before issuing subpoenas to non-parties, at least where a party could reasonably be expected to have the same information"); *Genus Lifesciences Inc. v. Lannett Co., Inc.*, No. 18-cv-07603-WHO, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (quashing subpoena because plaintiff's "failure to attempt to obtain the requested documents from [defendant] prior to seeking them from" third party rendered subpoena "an undue burden").

Plaintiffs' Subpoena ignores this rule. Discovery has not commenced in the Salesforce Action, and Plaintiffs have not even attempted party discovery. Yet the Subpoena expressly seeks broad categories of information obtainable from Salesforce, Plaintiffs, or the putative class members. *See, e.g.*, Request Nos. 19, 21-22 & Topic 5(d) (communications and documents exchanged between Farmers and Salesforce), Request No. 24 & Topic 3(b) (Salesforce database security and settings);

FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

Topic 1(a) (Farmers relationship with Salesforce), Topic 1(b) (representations Salesforce made to Farmers), Topic 4(e) ("indemnification, contribution, set-off, credit, refund, settlement, or release" Salesforce sought or provided), Topic 7(a) ("market value" of personal information), Topic 7(b) ("economic impact" individuals experienced as a result of the Incident), Topics 7(c)-(d) ("misuse" of impacted individuals' data). This alone renders the Subpoena unduly burdensome in violation of Rule 45's mandate.

Likewise, Plaintiffs made no attempt to coordinate among the Salesforce Action and Farmers Action. As the JPML noted, "third-party discovery … can be informally coordinated." *In re Salesforce, Inc., Customer Data Sec. Breach Litig.*, 813 F. Supp. 3d at 1358 (quotation omitted). The parties in the Salesforce Action and Farmers Action should align on the discovery that may be needed between the two actions, so discovery is completed once—not in an unorganized duplicative way, as Plaintiffs seek through the Subpoena. The lack of coordination is especially egregious here, where Ms. Wolfson's colleague at Ahdoot & Wolfson, PC and Mr. Loeser, Plaintiffs' counsel in the Salesforce Action, were specifically appointed to leadership positions to "take ownership of tasks connected to the related cases with which they are directly involved." Salesforce Action, Dkt. 67 at 2. Against this backdrop, the Subpoena makes no sense and creates an unreasonable burden on Farmers.

### 2. The Subpoena seeks documents outside the scope of the Salesforce Action.

The Subpoena propounds *32* document requests and notices *35* topics for deposition on three Farmers entities, which cover over a five-year period. The Subpoena is not narrowly tailored to information that Plaintiffs need but cannot obtain from the parties in the Salesforce Action, and thus improper. *See Davis*, 2021 WL 3044958, at *4 (denying motion to compel subpoena compliance where the documents relevant to plaintiff's theories could have been obtained from defendant).

- 12 -

DLA PIPER LLP (US)
ATTORNEYS AT LAW
SAN FRANCISCO

Numerous requests and deposition topics relate to Farmers internal operations—not the Incident or conduct alleged in the Salesforce Action:

- Request No. 3 seeks documents regarding "the types of customer information" Farmers stores on the Salesforce database generally—not what information was actually in the database at the time of the incident.

- Request No. 27 seeks documents regarding Farmers "governance, oversight, policies, practices, and procedures, regarding cybersecurity, information security, consumer data protection, risk management, and incident response" related to the Salesforce database generally, and not the Incident.

- Request No. 30 and Topic 8 seeks documents and testimony unrelated to the Incident regarding (1) the number of Farmers "employees and agents whose job functions included information technology, data security, or cyber security;" (2) "services performed by, and amounts paid to any third-party" that Farmers engaged for "information-security or cyber-security services (*other than* vendors retained in connection with the Data Breach);" and (3) Farmers "total expenditures on information technology, data security, and cyber security…"

- Topic 2 seeks testimony regarding Farmers policies regarding "Information Security and the masking, hashing, encrypting, or otherwise protecting files maintained by You" and "the security of third-party software" Farmers licensed or purchased *unrelated to the Incident or the Salesforce database*.

*See* Subpoena at Request Nos. 3, 27, 30, and Topics 2(a)-(b), 8. The Salesforce Action is limited to Plaintiffs' claims that Salesforce is liable for the various data security incidents affecting companies with data in their Salesforce databases, including the Farmers Incident on or around May 29, 2025. Yet Plaintiffs have not

DLA PIPER LLP (US)
ATTORNEYS AT LAW
SAN FRANCISCO

- 13 -

FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

provided any explanation of how these requests and topics relate to Plaintiffs' claims in the Salesforce Action or the Incident.

Similarly, other requests and deposition topics are related to how Farmers (rather than Salesforce) addressed the Incident, including materials Plaintiffs know are sensitive or privileged:

- Request No. 8 seeks documents reflecting Farmers investigation of the Incident without limitation to Salesforce's role or conduct.
- Request No. 13 seeks documents regarding Farmers efforts to "draft, publish, or deliver" notice of the Incident.
- Request No. 17 seeks information regarding Farmers investigation of the information allegedly exfiltrated during the Incident.
- Request No. 28 seeks all insurance policies potentially applicable to the Incident, as well as "the complete claim file for any claim, notice of circumstance, or tender submitted under such policies…"
- Topic 4 seeks testimony regarding Farmers remediation efforts.

Subpoena at Request Nos. 8, 13, 17, 28 and Topics 4(a)-(e).  While these requests and topics may pertain to the Incident, they are untethered from the scope of the Salesforce Action, *i.e.*, *Salesforce's* conduct and liability.

### 3. Plaintiffs' "go-gets" result in undue burden

Plaintiffs proposed to limit initial compliance to certain "go-gets" consisting of (1) any forensic report on the Incident, (2) any post-Incident assessments, and (3) identification of all individuals impacted by the Incident.  Ord Decl. ¶ 3 & Ex. C. This is no compromise at all because Plaintiffs know that these documents are privileged, confidential, sensitive, and as to the putative class list in the Farmers Action, not discoverable at this stage.  Plaintiffs have offered no legitimate reason for pursuing this discovery now.  The Court should not condone strategic use of the Subpoena to force Farmers to engage in motions practice on privilege challenges and

DLA Piper LLP (US)
Attorneys at Law
San Francisco

class discovery before discovery even opens in the Salesforce Action and while discovery in the Farmers Action is stayed.

### D.   Farmers is entitled to attorney's fees and costs.

Rule 45 permits a non-party's recovery of attorney's fees and costs where a subpoena improperly burdens the recipient.  "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  That is why "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."  *Id.* "Nonparty witnesses are powerless to control the scope of litigation and discovery and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party."  *High Tech Med. Instrumentation, Inc.*, 161 F.R.D. at 88 (citing *United States v. C.B.S.,* 666 F.2d 364, 371–72 (9th Cir. 1982)).

The Subpoena is both procedurally and substantially defective.  Without justification, Plaintiffs insist that Farmers must provide broad testimony and produce documents that comprise much of the discovery that may eventually be sought in the *Farmers Action*—even though much of this discovery will not be needed in the *Salesforce Action*.  This demand for broad discovery comes without justification; the cases are in their infancy:  Farmers has not even responded to the Consolidated Class Action Complaint in the Farmers Action, and a dismissal motion is pending in the Salesforce Action. Plaintiffs' proposed "go-get" compromise is nothing of the sort—rather, it is an attempt to create an unnecessary privilege fight and to conduct premature class discovery in the middle of dismissal briefing in both actions.  The Subpoena is the definition of unduly burdensome—it is sought without need (both temporally and in substance) and appears aimed to achieve wasteful gamesmanship. It should not be tolerated.

Accordingly, the Court should require Plaintiffs and their counsel to pay Farmers its reasonable attorneys' fees and costs for this Motion. Farmers respectfully requests leave to submit a declaration enumerating such fees. *See Hill v. Robert's Am. Gourmet Food, LLC*, No. C –13–80166 MISC JST (EDL), 2013 WL 5118943, at *4 (N.D. Cal. Sept. 13, 2013) (quashing subpoena and awarding "fees incurred only in preparing for and filing the motion to quash and the motion for sanctions."); *Duong v. Groundhog Enterprises, Inc.*, No. 2:19-cv-01333-DMG-MAA, 2020 WL 2041939, at *8-9 (C.D. Cal. Feb. 28, 2020) (awarding attorney's fees under Rule 45 where requesting party "acted in bad faith in failing to take reasonable steps to avoid imposing an undue burden" in issuing subpoena).

## V.     CONCLUSION

For the foregoing reasons, Farmers respectfully requests the Court to quash the Subpoena and order Plaintiffs and their counsel to pay Farmers reasonable attorney's fees and costs incurred in bringing this Motion.

DLA Piper LLP (US)
Attorneys at Law
San Francisco

- 16 -

FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

## Certificate of Compliance with L.R. 11-6.1.

The undersigned, counsel of record for Farmers, certifies that this brief contains 6042 words, which complies with the word limit of L.R. 11-6.1.

Dated:          June 8, 2026                    DLA PIPER LLP (US)


By: */s/ Isabelle Ord*
        Isabelle Ord

        FARMERS GROUP, INC.,
        FARMERS INSURANCE
        EXCHANGE, AND FARMERS
        NEW WORLD LIFE INSURANCE
        COMPANY'S

FARMERS NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR
ATTORNEY'S FEES AND COSTS UNDER FED. R. CIV. P. 45

DLA PIPER LLP (US)
ATTORNEYS AT LAW
SAN FRANCISCO